MEMORANDUM *
Ferrari Moody (“Moody”) appeals the dismissal of his federal habeas petition with prejudice. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
The district court did not err in dismissing Moody’s claim that the state trial court denied him his due process right to a fair trial by an impartial jury.
Jury tampering is “an effort to influence the jury’s verdict by threatening or offering inducements to one or more of the jurors.” United States v. Dutkel, 192 F.3d 893, 895 (9th Cir.1999). “In a criminal case, any private communication, contact, or tampering directly or indirectly, with a juror during a trial about the matter pending before the jury is, for obvious reasons, deemed presumptively prejudicial])]” Remmer v. United States, 347 U.S. 227, 229, 74 S.Ct. 450, 98 L.Ed. 654 (1954). Here, however, the contact the spectators made with Juror No. 7 did not concern the criminal trial pending before the jury, id. at 229, 74 S.Ct. 450, nor did it involve coercion, bribery, threats or inducements, Dutkel, 192 F.3d at 895, 897. Moreover, Juror No. 7 did not know who the spectators were, or if they were “friends” with Moody or the victim.
Thus, in denying this claim, the state court did not apply clearly established federal law in an objectively unreasonable manner. Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); 28 U.S.C. § 2254(d)(1). Nor did *589 the state court unreasonably determine the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2); see also Taylor v. Maddox, 366 F.3d 992, 1000 (9th Cir.2004) (“[I]t is not enough that we could reverse in similar circumstances if this were an appeal from a district court decision. Rather, we must be convinced that any appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record.”). “A state court’s determination that a claim lacks merit precludes federal relief so long as ‘fairminded jurists could disagree’ on the correctness of the state court’s decision.” Harrington v. Richter, - U.S. -, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004)). That is the case here.
The district court also did not err in dismissing Moody’s ineffective assistance of counsel claims. Even if counsel erred, Moody has not shown “a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Because we affirm the dismissal of the petition on the merits, we need not reach the issue of procedural default. Franklin v. Johnson, 290 F.3d 1223, 1232 (9th Cir.2002).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.